IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACORY TYSHON TOWNSEND, ) | |
| # 310575, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:19-CV-1049-WHA-SMD |
| ) | [WO] |
| CHRISTOPHER GORDY, *et al*., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause is before the court on Petitioner Jacory Tyshon Townsend's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on October 8, 2019.[1] (Doc. 1.) Townsend, an Alabama prisoner, challenges his 2019 Pike County convictions for murder and shooting into an occupied vehicle. He presents claims of ineffective assistance of counsel and trial error.

In an answer filed on January 6, 2020, Respondents argue that Townsend has not exhausted his state court remedies regarding the claims in his § 2254 petition. (Doc. 12.) Respondents maintain that Townsend's direct appeal from his convictions is pending in the Alabama Court of Criminal Appeals. (*Id*. at 3–4.) Respondents argue that Townsend's

---

[1] Townsend filed his § 2254 petition in the United States District Court for the Northern District of Alabama. That court transferred his petition to this court under 28 U.S.C. §§ 1631, 2241(d), by an order entered on December 12, 2019. (*See* Docs. 3 and 4.)

§ 2254 petition should therefore be dismissed without prejudice to allow him to exhaust his state court remedies.  (*Id.*)

In light of the arguments and evidence presented by Respondents with their answer, the court entered an order allowing Townsend to demonstrate why his petition should not be dismissed without prejudice for his failure to exhaust state court remedies.  (Doc. 13.)  Townsend did not file a response to this order.

## II.  DISCUSSION

A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State."  28 U.S.C. § 2254(1)(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c).").  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  To exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan, supra*, 526 U.S. at 845.

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court.  *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001);

2

Ala.R.App.P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

The pleadings and evidentiary materials reflect that Townsend has not exhausted his state court remedies regarding the claims in his § 2254 petition. As Respondents observe, Townsend's direct appeal is pending in the Alabama Court of Criminal Appeals. Thus, Townsend has not invoked or obtained a complete round of the State's established appellate review process regarding his claims. *O'Sullivan*, 526 U.S. at 845. This court does not deem it appropriate to rule on the merits of Townsend's claims without first requiring that he exhaust his state court remedies. The court therefore concludes that this § 2254 petition should be dismissed without prejudice so Townsend may exhaust those remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to allow Townsend to exhaust his state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before February 19, 2020**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall

bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 5th day of February 2020.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE